IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  08-3159 |
| ) | |
| AT&T MOBILITY, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Plaintiff Sharon Murray's Objection to Removal (d/e 9).  Plaintiff filed her Complaint in Illinois Circuit Court in Sangamon County, Illinois, expressly alleging violations of the Americans with Disabilities Act (ADA) and the Family Medical Leave Act (FMLA), as well as other claims.  Exhibit re: Notice of Removal (d/e 8), p. 2; see also ADA, 42 U.S.C. § 12111 et seq.; FMLA, 29 U.S.C. § 2601 et seq.  Defendant AT&T Mobility filed a timely Notice of Removal (d/e 1) pursuant to 28 U.S.C. § 1441(a) and 1446.  Plaintiff then filed her Objection, requesting remand.  For the reasons set forth below, Plaintiff's Objection to Removal is overruled.

1

Removal is proper in any action that could have originally been filed in federal court. 28 U.S.C. § 1441. District courts have original jurisdiction in cases involving a "[f]ederal question," i.e., cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendant, as the proponent of federal jurisdiction, bears the burden of proof on the issue of jurisdiction. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936). "Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) (quoting Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 9-10 (1983)). A case arises under federal law "'when the plaintiff's well-pleaded complaint raises issues of federal law.'" Moran v. Rush Prudential HMO, Inc., 230 F.3d 959, 966 (7th Cir. 2000) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)).

Defendant's Notice of Removal asserts that this Court has original jurisdiction over Plaintiff's claims under the ADA and the FMLA and over claims that fall within the scope of Title VII. Plaintiff responds that her Complaint does not raise a federal question. However, as previously noted, Plaintiff's Complaint expressly alleges violations of the ADA and the FMLA,

statutes which support federal question jurisdiction. Thus, the Complaint on its face belies Plaintiff's argument. Plaintiff's Objection to Removal is overruled. The Court notes, however, that it is well-established that as a general rule "[a] plaintiff who has both federal and state causes of action may choose to ignore the federal claims and pursue only the state claims in state court." People of State of Ill. v. Kerr-McGee Chemical Corp., 677 F.2d 571, 575 (7th Cir. 1982) (citing Pan American Petroleum Corp. v. Superior Court, 366 U.S. 656, 663 (1961)). To the extent Plaintiff wishes to abandon her federal claims, the proper vehicle for her to do so would be a motion to dismiss those claims with prejudice. In the event Plaintiff properly abandons all federal claims, the Court will entertain a motion to remand.

THEREFORE, Plaintiff Sharon Murray's Objection to Removal (d/e 9) is OVERRULED. The matter is referred to Magistrate Judge Cudmore for further scheduling.

IT IS THEREFORE SO ORDERED.

ENTER:   September 17, 2008

    FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                          UNITED STATES DISTRICT JUDGE