IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SHARON MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-3159 |
| | ) | |
| AT&T MOBILITY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

Pending before the Court are Defendant's Bill of Costs (d/e 80), Plaintiff's Motion to Dismiss Defendant's Bill of Costs (d/e 81) (Plaintiff's Motion), and Plaintiff's Objection to (the victim) Plaintiff Sharon Murray having to pay any cost (d/e 82).  In an Opinion (d/e 69), dated September 15, 2009, the Court granted summary judgment in favor of Defendant AT&T Mobility LLC on Plaintiffs' federal claims.  Defendant filed a Bill of Costs, seeking an award in the amount of $1,377.60, which consists of a $350.00 filing fee paid upon removal and $1,027.60 for transcripts.  These costs are statutorily allowable.  See 28 U.S.C. § 1920.  Pro se Plaintiff asks the Court to deny costs because of the strength of her appeal and her

1

inability to pay costs.

Plaintiff's Motion incorporates by reference her Motion for Permission to Appeal in Forma Pauperis (d/e 72), which reveals that her household income consists of $1200/month in Murray's worker's compensation benefits and $1200/month that her children receive from SSI. Murray asserts that her husband, who receives $800/month in unemployment benefits, recently left her. Murray also avers that she does not expect to receive her worker's compensation benefits in the future, although she states that she is owed approximately $3,500 in worker's compensation benefits. Based on the information provided, the Court allowed Murray to proceed in forma pauperis on appeal. Text Order, dated September 22, 2009.

It is well-established in the Seventh Circuit that a district court may consider a plaintiff's indigency in denying costs under Federal Rule of Civil Procedure 54(d). See Rivera v. City of Chicago, 469 F.3d 631, 634-35 (7th Cir. 2006). "However, indigence does not automatically excuse the losing party from paying the prevailing party's costs." Id. at 635. "Rule 54(d)(1) provides a presumption that costs are awarded to the prevailing party, and the burden is on the non-prevailing party to overcome this presumption." Id. at 636. The district court must first make a "factual finding that the

losing party is incapable of paying the court-imposed costs at this time or in the future," and "[t]he burden is on the losing party to provide the district court with sufficient documentation to support such a finding." Id. at 635 (internal quotations and citations omitted).  The district court should also "consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." Id.

The Seventh Circuit instructs that no one factor is determinative and cautions that the indigency exception is a narrow one.  Applying these principles to the instant case, the Court finds that an award of costs is appropriate.  Based on the current record, the Court cannot find that Murray would be incapable of paying an award of costs in the future.  Throughout the lawsuit, Murray has consistently sought reinstatement to her job with the Defendant.  This indicates a willingness to work and raises the possibility that Murray may be gainfully employed in the future.  The amount of costs is reasonable.  Defendant has acted in good faith; there is no evidence that it accumulated unnecessary costs or otherwise abused the judicial process.  The transcript costs sought are related to Murray's own deposition.  Murray argues that this deposition was unnecessary; however,

3

a review of the record reveals that it was reasonable for Defendant to depose Murray. Additionally, the Court may award costs even while a substantive appeal is pending, and the Court sees no reason to delay awarding costs in the instant case. See Lorenz v. Valley Forge Ins. Co., 23 F.3d 1259, 1260 (7th Cir. 1994).

THEREFORE, Plaintiff's Motion to Dismiss Defendant's Bill of Costs (d/e 81) is DENIED and her Objection to (the victim) Plaintiff Sharon Murray having to pay any cost (d/e 82) is OVERRULED. The Court awards costs in the amount of $1,377.60 against Plaintiff Sharon Murray in favor of Defendant AT&T Mobility.

IT IS THEREFORE SO ORDERED.

ENTER:   October 26, 2009

       FOR THE COURT:

                                 s/ Jeanne E. Scott
                                JEANNE E. SCOTT
                       UNITED STATES DISTRICT JUDGE